# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**CLAUDE A. GORDON,**

        **Appellant,**

**-vs-**                                          **Case No. 2:11-cv-507-FtM-29DNF**

**DEPARTMENT OF TREASURY,**

        **Appellee.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On September 9, 2011, the Appellant, Claude A. Gordon filed a Complaint (Doc. 1) appealing the decision of the Unemployment Appeals Commission dated August 12, 2011. Mr. Gordon also filed an Affidavit of Indigency (Doc. 2) which the Court construes as a Motion to Proceed *In Forma Pauperis*. The Court found that Mr. Gordon was requesting that the Court review a decision of the Unemployment Appeals Commission, however, in the Notice of Order from the Unemployment Appeals Commission, it informed Mr. Gordon that he would need to appeal his decision to a state court. The Court entered an Order (Doc. 4) on September 15, 2011 which required Mr. Gordon to file an Amended Complaint. The Plaintiff failed to file an Amended Complaint and failed to respond to the Order (Doc. 4) . On September 24, 2011, the Court entered an Order to Show Cause (Doc. 5) requiring Mr. Gordon to show good cause why this case should not be dismissed for failing to file an Amended Compliant. The Court cited to Local Rule 3.10 which provides, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own

motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. L.R. 3.10(a). Mr. Gordon failed to respond to the Order to Show Cause and failed to file an Amended Complaint. Mr. Gordon failed to prosecute his case, and therefore, the Court will recommend that this action be dismissed.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Affidavit of Indigency construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be denied.

2) That this action be dismissed for failure to prosecute.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __14th__ day of November, 2011.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record